The subscribing witness deposed that he was called upon by plaintiff and John Drew, on the same day of Jacock's purchase, to attest the bill of sale, the said John Drew declaring that he had executed (320) it on the day it purported, and that witness then signed his name. The bill of sale had no other witness. The subscribing witness stated that he believed the said Drew was indebted to the plaintiff other than by the judgment, for the purchase of his crops, and that J. Drew, Jr., was security to the plaintiff therefor.
Defendant then gave evidence of the declaration of the plaintiff that he had no interest in the suit, but that it was brought for the benefit of J. Drew, Jr., the security.
The jury, under the direction of the court, gave a verdict for the defendant, and, on motion for a new trial, it is referred to the Supreme Court.
The only question in this case is, At what time did the bill of sale for the negro in question, from J. Drew to the plaintiff, take effect?
This bill of sale being a deed, like all other deeds, took effect from its delivery. The attestation of the subscribing witness on 10 January, 1811, is the only evidence of a delivery. There was no evidence of a delivery on 10 November, 1810, the day on which it purports to have been made, nor of any delivery between these periods of time. The *Page 248 
defendant (or person under whom he claims) had acquired a lien on the slave under the judgment and execution previous to the consummation of the deed under which the plaintiff claims title.
We are all of opinion that the charge of the presiding judge was correct, and that the motion for a new trial be overruled.
NOTE. — See Moore v. Collins, 15 N.C. 384; Clayton v. Liverman,20 N.C. 238.
(321)